(7)

FILED

MAR - 7 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re                                    )        Case No. 07-13228-B-13
                                         )
Sista Terrazas,                          )        DC No. MHM-1
                                         )
          Debtor.                        )
                                         )
_____)

## MEMORANDUM DECISION REGARDING TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN AND MOTION TO DISMISS CASE

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.

Michael H. Meyer, Esq., appeared in his capacity as the chapter 13 trustee (the "Trustee").

Patrick Kavanagh, Esq., appeared on behalf of the debtor, Sista Terrazas (the "Debtor").

Before the court is a motion by the Trustee to dismiss the case pursuant to 11 U.S.C. § 1307(c) on the grounds that the Debtor's chapter 13 plan (the "Plan") was not filed in good faith (the "Motion"). By implication, the Trustee also contends that the petition itself was not filed in good faith. The Trustee also objected to confirmation of the Plan. For the reasons stated below, confirmation of the Plan will be denied and the case will be dismissed.

This memorandum contains findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52 (made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052). The bankruptcy court has jurisdiction over this

28

matter pursuant to 28 U.S.C. §1334 and 11 U.S.C. §§ 1307 and 1325[1] and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

**Background and Findings of Fact.**

The Debtor filed her chapter 13 petition on October 9, 2007.  She listed no real property and exempted all of her personal property, including an unliquidated claim she scheduled as "FDCPA Claim Against Palisades" valued at $1,000.  She has no secured or priority creditors, and she scheduled only four unsecured debts totaling $21,372.  However, all of the debts are listed as "Barred by Statute of Limitations."  The Debtor states in opposition to the Motion that some of her creditors were trying to enforce time-barred claims, that she filed this bankruptcy "in response to a lawsuit by one creditor and collection activity by another creditor."  In the Debtor's Statement of Financial Affairs she listed a state court lawsuit that had been filed against her in the Kern County Superior Court for the collection of a debt by creditor "Palisades."  The Debtor contends that she needs bankruptcy protection while she prosecutes a claim against creditor Asset Acceptance, LLC ("Asset Acceptance")[2] under the Fair Debt Collection Practices Act ("FDCPA") (the "FDCPA Claim").

The Debtor is disabled.  Her income is derived solely from social security and worker's compensation.  Her expenses consume most of her income leaving a "disposable

---

[1]Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *subsequent* to October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

[2]It appears from the record that Palisades, Asset Acceptance, LLC, and Vative Recovery Solutions, LLC, are essentially the same entity.  The names appear in various combinations in various pleadings, including the schedules and the proofs of claim.

income" of only $51 per month.[3]  The Plan provides for 36 monthly payments of $50.  Of

that amount, $44 is committed to payment of administrative costs - the Trustee's fee and

attorney fees.  The Debtor agreed to pay her attorney $1,200 for representing her in

connection with this case exclusive of "dischargeability actions or any other adversary

proceeding."[4]  With the money that is left, $6 per month, the Plan promises a 10%

distribution for anticipated "allowed" unsecured claims.  Debtor also promises to

distribute to her creditors 25% from any recovery on the FDCPA Claim, net of attorney

fees.

The last date for unsecured creditors to file proofs of claim was February 5, 2008.

Only four creditors filed timely proofs of claim totaling $22,752.  The largest claim

($14,896.26) was filed by Direct Merchants Credit Card Bank (the "Direct Merchant's

Claim").  On December 21, 2007, Debtor filed an objection to the Direct Merchant's

Claim on the grounds that the claim is barred by the statute of limitations.  The creditor

did not oppose that objection and the claim was disallowed after a hearing on March 5,

2008.

On January 2, 2008, the Debtor filed an adversary proceeding against Asset

Acceptance LLC in prosecution of her FDCPA Claim (no. 08-1001; the "Adversary

Proceeding").  Asset Acceptance filed a motion to dismiss the Adversary Proceeding

which was set for hearing on March 5, 2008.  However, on March 3, 2008, this court

approved a stipulation of the parties to dismiss the Adversary Proceeding.  Nothing in the

record explains why the Debtor agreed to dismiss her FDCPA Claim so soon, and there

are no other contested matters pending in this case, except this Motion to dismiss.

**Issue.**

The Trustee has objected to confirmation of the Plan and moves to dismiss the case

on the grounds that the Plan was not filed in good faith pursuant to § 1325(a)(3).  The

---

[3]Schedule J, line 20(c).

[4]Disclosure of Compensation of Attorney For Debtor(s) dated October 9, 2007.

1 Trustee points to the Debtor's statement that all of her debts are "barred" based on the

2 statute of limitations under California law. That point appears to be corroborated by the

3 fact that the Direct Merchant's Claim has already been disallowed for exactly that reason.

4 In addition, the Debtor has no nonexempt assets and her income appears to be totally

5 immune from a creditor levy. In summary, the Trustee argues that there is no

6 reorganization in progress here and that the bankruptcy was not filed to benefit anybody

7 but the Debtor and her attorney.

8      The Debtor acknowledges in response that her debts are unenforceable under state

9 law. In support of her need for bankruptcy relief, she points to the (then) pending Direct

10 Merchant's Claim objection and her (then) pending Adversary Proceeding against Asset

11 Acceptance. The Debtor asks for six months to prevail in her claim objections, "complete

12 her plan," and get a chapter 13 discharge. The Debtor fails to explain why this result

13 could not have been achieved quickly, and economically, in state court or through a

14 chapter 7.

15      The issue presented is, whether the cause exists to dismiss the case when the

16 Debtor appears to have no liabilities, nothing to reorganize through chapter 13, and no

17 real need for protection of the Bankruptcy Code.

18 **Analysis and Conclusions of Law.**

19      Pursuant to § 1325(a)(3), the Debtor cannot confirm a chapter 13 plan that was not

20 filed in good faith. The Debtor has the burden of proof on each element of confirmation.

21 *In re Arnold and Baker Farms*, 177 B.R. 648, 654 (9th Cir. BAP 1994).

22      Pursuant to § 1307(c), a case can be dismissed if the petition itself was not filed in

23 good faith. "Good faith" is essentially an element of a debtor's qualification to be in

24 chapter 13 in the first place. *See Marrama v. Citizens Bank of Massachusetts (In re*

25 *Marrama)*, 127 S.Ct. 1105, 1111, 166 L.Ed.2d 956 (2007). The bankruptcy court has the

26 inherent power to consider, *sua sponte*, whether a debtor is eligible for chapter 13 relief.

27 *See Guastella v. Hampton (In re Guastella)*, 341 B.R. 908, 917 (9th Cir. BAP 2006).

28      Section 1307(c), sets forth a nonexclusive list of ten, "causes" for dismissal or

1    conversion. These examples are merely illustrative and not exclusive. *Wile v. Household*

2    *Bank F.S.B. (In re Wile)*, 304 B.R. 198, 204 (Bankr. E.D.Pa. 2004). A lack of good faith

3    is "cause" for dismissal or conversion under § 1307(c). *Id.*

4         The Bankruptcy Code does not define "good faith." The court should consider the

5    totality of the circumstances when making the "good faith" determination. The court can

6    determine that a debtor is not acting in "good faith" without having to find that the debtor

7    is acting in "bad faith" (dishonesty of belief or purpose). *In re Guastella, supra*, 341 B.R.

8    at 920. The "good faith" inquiry begins with a review of the information provided in the

9    Debtor's schedules. *Id.* at 917, (citing *Scovis v. Henrichsen (In re Scovis))*, 249 F.3d 975,

10   982 (9th Cir. BAP 2001). The lack of "good faith" can exist when the professed "good

11   faith" is based on an unreasonable interpretation of the facts and law. *Id.* at 921.

12        In *Wile*, a debtor filed a chapter 13 case solely as a forum to prosecute an

13   adversary proceeding to rescind her mortgagee under the Truth in Lending Act ("TILA")

14   while enjoying the protection of the automatic stay. The plan did not provide for any

15   distribution on the secured mortgage claim, even as a potentially unsecured claim, nor

16   could it have since the debtor could only commit $10 per month to fund the plan. The

17   trustee objected to confirmation of the plan since it did not provide for the secured claims.

18   The court dismissed the case so that the TILA claim could be pursued in a nonbankruptcy

19   forum stating, "non-bankruptcy claims are statutorily contemplated to be heard there, not

20   here, when they do not advance any purpose of a Chapter 13 case." *In re* Wile, 304 B.R.

21   at 208. "[T]his debtor . . . has filed this case without any possibility of a Chapter 13

22   reorganization. Rather her motivation was to secure a bankruptcy court forum to

23   prosecute her non-bankruptcy claims. While she apparently does have need for

24   bankruptcy relief, it is to discharge debts, not reorganize." *Id.*

25        While the facts in *Wile* differ somewhat from those at hand, the rationale in *Wile* is

26   applicable here. The Trustee contends, based on the Debtor's schedules, that the Debtor

27   has no apparent need for chapter 13 relief. The court agrees. The Debtor's schedules

28   proclaim that all of her debts are unenforceable under state law. It appears from the

5

record, that the Debtor filed this bankruptcy case solely to invoke the jurisdiction of this

court for the prosecution of her FDCPA Claim against Asset Acceptance.  However, the

Debtor's recent dismissal of the Adversary Proceeding raises some doubt about its merit.

It does not appear to have any value for the estate.  If the Debtor has a "statute of

limitations" defense against all of her creditors, then nobody will receive any distribution

through the Plan except the Trustee and the Debtor's attorney.

It does not appear from the schedules, or the Plan, that there is any reorganization

in progress here.  Only one creditor, Asset Acceptance, has tried to pursue a time-barred

claim against the Debtor in state court.  The Debtor can, or should have raised the statute

of limitations as a defense to that action.  If the Debtor still has any rights against Asset

Acceptance under FDCPA, there is no reason why those rights need to be prosecuted in

the bankruptcy court.  If the Debtor simply needs relief from creditor harassment, she can

seek relief through chapter 7.

"Once 'cause' has been established, whether conversion or dismissal is more

appropriate is a question Congress left to the sound discretion of the bankruptcy court."

*Id.* at 206 (citations omitted).  The *Wile* case was converted to chapter 7 because there

were assets for administration by a chapter 7 trustee.  In the case at hand, there are no

assets for administration, there is nothing for the creditors, and the Debtor does not

appear to want chapter 7 relief.[5]

/ / /

/ / /

/ / /

/ / /

---

[5]At the hearing on January 9, 2008, the court invited the Debtor to voluntarily convert to chapter 7 pursuant to §1307(a) and it took this matter under submission without prejudice to the debtor's right to do so at any time.  As of this date, the Debtor has declined to voluntarily convert.

1

**Conclusion.**

2      Based on the foregoing, the court is persuaded that this chapter 13 case was not

3   filed in good faith.  Accordingly, confirmation of the Plan will be denied, and the case

4   will be dismissed pursuant to §1307(c).

5      Dated: March ___7___, 2008

6

7

8   W. Richard Lee
    United States Bankruptcy Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28